## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and ) <br> TONI THERESA SPERA FLANIGAN ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NED LAMONT, is his official capacity as the Governor ) <br> of the State of Connecticut; ) <br> PATRICK J. GRIFFIN, is his official capacity as the ) <br> Chief State's Attorney of the State of Connecticut; and ) <br> SHARMESE L. WALCOTT, in her official capacity as ) <br> the State's Attorney, Hartford Judicial District, ) <br> ) <br>    Defendants. ) | Civil Action No. <br> 3:22 CV 1118 <br><br><br> October 21, 2022 |

### UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs National Association for Gun Right and Toni Flanigan move the Court for leave to file the attached amended complaint. As grounds for this motion, they state:

**Conferral**: The undersigned has conferred with counsel for Defendants. Defendants do **not** oppose this motion.

Review of this motion for leave to amend complaint is governed by Federal Rule of Civil Procedure 15(a)(2). That rule provides that a party may amend its pleading with the opposing party's consent or the court's leave, and further provides that the court "should freely give leave when justice so requires." *Id*. Rule 15(a)(2) "is a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. N.Y. Univ*., 9 F.4th 95, 115 (2d Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 1112 (2022). The rule in this Second Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of

prejudice or bad faith. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). In determining what constitutes "prejudice," the courts consider whether the amended pleading would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *See, e.g., Tokio Marine & Fire Ins. Co.*, 786 F.2d at 103; *Fluor*, 654 F.2d at 856; *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157–58 (2d Cir.1968); *Calloway v. Marvel Entertainment Group*, 110 F.R.D. 45, 48 (S.D.N.Y.1986). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Fluor*, 654 F.2d at 856.

This action has been pending less than two months, so there can be no claim of undue delay. Defendants have not filed any responsive pleading and discovery has not begun. Thus, Defendants cannot reasonably assert that they would be prejudiced by the amended pleading. The pleading is not futile because it adequately addresses a standing/jurisdictional issue that has been identified by Defendants.

Accordingly, Plaintiffs respectfully move for leave to file the attached Second Amended Complaint.

>THE PLAINTIFFS
>NATIONAL ASSOCIATION FOR
>GUN RIGHTS, and TONI
>THERESA SPERA FLANIGAN
>
>*/s/ Barry K. Arrington*
>Barry K. Arrington
>3801 E. Florida Ave., Suite 830
>Denver, CO 80210
>(303) 205-7870
>barry@arringtonpc.com
>*Admission Pro Hac Vice*

John J. Radshaw (ct19882)<br>
65 Trumbull Street, 2d Floor<br>
New Haven, CT 06510<br>
(203) 654-9695 Office<br>
(203) 721-6182 Facsimile<br>
jjr@jjr-esq.com

## **C E R T I F I C A T I O N**

I hereby certify that on October 21, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing. Parties may access this filing through the Court's system.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington