# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

NATIONAL ASSOCIATION FOR GUN RIGHTS, and )
TONI THERESA SPERA FLANIGAN )
    Plaintiffs, )
)
)
v. )
) Civil Action No.
) 3:22 CV 1118 (JBA)
NED LAMONT, is his official capacity as the Governor of )
the State of Connecticut; )
PATRICK J. GRIFFIN, is his official capacity as the Chief )
State's Attorney of the State of Connecticut; and )
SHARMESE L. WALCOTT, in her official capacity as the )
State's Attorney, Hartford Judicial District, )
    Defendants. )
)
)

## DECLARATION OF DUDLEY BROWN

My name is Dudley Brown. I am over the age of 18 and have personal knowledge of the matters set forth in this Declaration.

I am the President of National Association for Gun Rights ("NAGR").

CONN. GEN. STAT. § 53-202a(1) defines the term "assault weapon." The term "assault weapon" as used in the Statutes is not a technical term used in the firearms industry or community for firearms commonly available to civilians. Instead, the term is a rhetorically charged political term meant to stir the emotions of the public against those persons who choose to exercise their constitutional right to possess certain semi-automatic firearms that are commonly owned by millions of law-abiding American citizens for lawful purposes.

CONN. GEN. STAT. § 53-202w(a)(1) defines the term "large-capacity magazine" to mean any firearm magazine capable of holding more than ten rounds of ammunition. The statute again uses politically charged rhetoric to describe the arms it bans. The statutes' characterization of these magazines as "large capacity" is a misnomer. Magazines capable of holding more than 10 rounds are standard capacity magazines.

For purposes of this Declaration, the term "Banned Firearm" shall mean "assault weapon" as that term is defined in the statute that is the subject of this action, and the term "Banned Magazine" shall mean "large-capacity magazine" as

that term is defined in the statute that is the subject of this action.

NAGR's members on whose behalf this action is brought are residents of the State of Connecticut and law-abiding citizens of the United States. They are otherwise eligible under the laws of the United States and the State to receive and possess firearms and magazines, including the Banned Firearms and Banned Magazines. They intend to and, but for the credible threat of prosecution under the statutes challenged in this action, would acquire Banned Firearms and Banned Magazines to keep in their homes for self- defense and for other lawful purposes.

I, Dudley Brown, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have reviewed the foregoing, that I am competent to testify in this matter, and that the facts contained therein are true and correct

*[signature]*

Dudley Brown
November 4, 2022

- 2 -