IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and ) <br> TONI THERESA SPERA FLANIGAN ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NED LAMONT, is his official capacity as the Governor ) <br> of the State of Connecticut; ) <br> PATRICK J. GRIFFIN, is his official capacity as the ) <br> Chief State's Attorney of the State of Connecticut; and ) <br> SHARMESE L. WALCOTT, in her official capacity as ) <br> the State's Attorney, Hartford Judicial District, ) <br> ) <br>    Defendants. ) | Civil Action No. <br> 3:22 CV 1118 <br><br><br> December 9, 2022 |

**RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

Plaintiffs submit the following response in opposition to Defendants' Motion to Dismiss [Doc. 32].

**I.    Defendants' Motion Fails Because At least One Plaintiff Has Standing**

The *Bruen* case itself demonstrates why Defendants' motion to dismiss should be denied. The plaintiffs in that case were the New York State Rifle & Pistol Association ("NYSRPA"), Robert Nash and Brandon Koch. The State of New York moved to dismiss NYSRPA for lack of standing. The district court denied the motion, writing:

> Defendants argue that NYSRPA lacks standing to bring this case on behalf of the Individual Plaintiffs. 'For federal courts to have jurisdiction over' a party's asserted claims, however, '**only one named plaintiff need have standing with respect to each [of those] claims**.' *Comer v. Cisneros*, 37 F.3d 775, 788 (2d Cir. 1994); *accord Town of Chester v. Laroe Estates, Inc*., __ U.S. __ 137 S.Ct. 1645, 1651, 198 L.Ed.2d 64 (2017) ('At least one plaintiff must have standing to seek each form of relief requested in the complaint.'). Although NYSRPA's failure to

> allege any institutional injury may be 'plainly insufficient to give rise to standing,' *Kachalsky v. Cacase*, 817 F.Supp.2d 235, 251 (S.D.N.Y. 2011), Defendants do not dispute that Plaintiffs Nash and Koch, as individuals, have standing to bring the claims asserted. . . . Accordingly, the Court need not address the issue further here.

*New York State Rifle & Pistol Ass'n, Inc. v. Beach*, 354 F. Supp. 3d 143, 147 (N.D.N.Y. 2018), *aff'd*, 818 F. App'x 99 (2d Cir. 2020), *rev'd on other grounds and remanded sub nom. New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) (emphasis added).

In this case, Defendants have challenged the standing of the National Association for Gun Rights ("NAGR"), but they have not disputed that Plaintiff Flanigan, as an individual, has standing to bring the claims asserted. Accordingly, the Court need not address the issue further.[1]

The district court in *Bruen* cited *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017), in support of its holding. The Court may remember that Plaintiffs also cited this case at the October 28 hearing in this matter. But *Town of Chester* is not the only case in which the Supreme Court has expressed a similar view. The Court has held in the context of multi-plaintiff constitutional challenges to legislative and regulatory actions that sufficient injury on the part of one plaintiff "is sufficient to confer standing under . . . Article III." *Bowsher v. Synar*, 478 U.S. 714, 721 (1986); *see also Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2, (noting with approval that the Court of Appeals "did not determine whether the other plaintiffs have standing because **the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement**") (emphasis added); *cf. Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) ("Only one of the petitioners needs to have standing to permit us to consider their petition for review.").

---

[1] Standing is required for subject matter jurisdiction and may be raised for the first time on appeal. *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2nd Cir. 2016). If the Court were to grant Defendants' motion it would call into question the Supreme Court's decision in *Bruen* on the ground that the Supreme Court did not have subject matter jurisdiction.

As the district court noted in *Bruen*, the Second Circuit has also stated the same thing. In *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994), the plaintiffs brought several constitutional and statutory claims against government officials, and the district court granted the defendants' motion to dismiss for lack of standing. The Second Circuit reversed, holding that for "federal courts to have jurisdiction over any of the[] claims, only one named plaintiff need have standing with respect to each claim." *Id.*, 37 F.3d at 788. Similarly, in *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104 (2d Cir. 2017), the Court held that where one plaintiff had standing to bring a First Amendment challenge to a local ordinance, that was "a sufficient predicate for federal jurisdiction," and the Court did not need to reach whether the second plaintiff /organization had standing. *Id.*, 868 F.3d at 109. The Court noted that "[i]t is well settled that where . . . multiple parties seek the same relief, 'the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'" *Id.*, (*quoting Rumsfeld*, *supra*.

Other circuits are in accord. For example, in *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), organizational plaintiffs challenged on Second Amendment grounds a Chicago ordinance that prohibited firing ranges in the city. The City moved to dismiss the organizations for lack of standing and the district court granted the motion. The Seventh Circuit reversed and stated: "[t]he district court's emphasis on the organizational plaintiffs' standing is puzzling. As we have noted, it's clear the individual plaintiffs have standing. **Where at least one plaintiff has standing, jurisdiction is secure and the court will adjudicate the case whether the additional plaintiffs have standing or not**." *Id.*, 651 F.3d at 696 n.7 (emphasis added).

This Court reached a similar conclusion in *Barfield v. Cook*, 2019 WL 3562021, at *5 (D. Conn. 2019), where the Court cited *Bowsher, supra*, for the proposition that "standing of single plaintiff was sufficient for Article III purposes" and *Comer, supra*, for the proposition that "[O]nly one named plaintiff need have standing with respect to each claim." *See also CNY Fair Hous., Inc. v. Welltower Inc.*, 588 F. Supp. 3d 282, 299 (N.D.N.Y. 2022) (where multiple parties seek the same relief, the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement, *citing Centro, supra*); and *Doe v. Zucker*, 520 F. Supp. 3d 217, 244 n.10 (N.D.N.Y. 2021), *aff'd sub nom. Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022) (since it was undisputed that the individual plaintiffs had standing with respect to each claim, the Court need not address the issue of association's standing); and *State v. United States Dep't of Com.*, 315 F. Supp. 3d 766, 790 (S.D.N.Y. 2018) (same).

In summary, "[i]t is well settled that where . . . multiple parties seek the same relief, 'the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'" *Centro, supra*. Defendants have not disputed that Plaintiff Flanigan has standing to bring all claims asserted. Accordingly, Article III is satisfied and the motion to dismiss should be denied.

## II.  NAGR Has Alleged Facts Sufficient to Establish Associational Standing

NAGR has alleged facts sufficient to establish associational standing on behalf of its members. Defendants have argued that Second Circuit precedent prevents nonprofit entities from asserting associational standing on behalf of their members. To the extent the Second Circuit has held that a nonprofit entity does not have standing to assert constitutional claims on behalf of its members, such holdings are contrary to clear Supreme Court precedent. See *Ne.*

*Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 668 (1993) (holding that association has standing to bring constitutional claim on behalf of its members). *See also, N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1, 9 (1988) (holding that an association had standing to bring a constitutional claim on behalf of its members because the members "would have standing to bring this same suit"); *Thomas v. City of N.Y.*, 143 F.3d 31, 36 n.9 (2d Cir. 1998) (finding that associations of livery car drivers had standing to bring an Equal Protection Clause challenge on behalf of their members); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 458 (1958); *Bates v. City of Little Rock*, 361 U.S. 516, 524 n.9 (1960); *Louisiana ex rel. Gremillion v. Nat'l Ass'n for the Advancement of Colored People*, 366 U.S. 293, 296 (1961).

### III.   NAGR Has Alleged Facts Sufficient to Establish Individual Standing

#### A.   Legal Standard

An organization establishes an injury-in-fact if it can show that it was 'perceptibly impaired' by defendant's actions." *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 447 (2nd Cir. 2021), *quoting Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017), *quoting Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)). Accordingly, "where an organization diverts its resources away from its current activities, it has suffered an injury [that is] independently sufficient to confer organizational standing." *Id., quoting Centro,* 868 F.3d at 111.

Significantly, the injury necessary to support standing need not be large or even significant. In *United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669 (1973) the Court held that injury in fact serves to distinguish a person with a direct stake in

the outcome of a litigation "**even though small** from a person with a mere interest in the problem. *Id*., 412 U.S. at 690, n.14 (internal quotation marks omitted; emphasis added). The Court noted that it has allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a fraction of a vote, a $5 fine, or a $1.50 poll tax. *Id*. Thus, "an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." *Id*. (internal quotation marks omitted). *See also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (even a "small" loss is sufficient for Article III standing); *Nnebe v. Daus*, 644 F.3d 147, 156–57 (2d Cir. 2011) ("scant" evidence supplied by association is sufficient).

In *Silva v. Farrish*, 47 F.4th 78, 87 (2d Cir. 2022), the Court held that where standing is challenged on the basis of the pleadings, a court must "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." *Id*., 47 F. F.4th at 87, *quoting Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 109 (1979). Defendants cannot deny the truth of NAGR's allegations by complaining that NAGR did not supply "detailed information" about the specific expenditures it has diverted from its other activities. Such details are assuredly not required under the regime set forth in Rule 8(a)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations" (citation and internal quotation marks omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").

    **B.**    **NAGR Has Incurred Perceptible Harm**

NAGR alleges that it "has expended and diverted resources otherwise reserved for different institutional functions and purposes and is adversely and directly harmed by the illegal and unconstitutional actions of the Defendants." Compl. ¶ 2.  NAGR further alleges that it "has diverted, and continues to divert, significant time, money, effort, and resources to addressing the Defendants' unconstitutional enforcement of the laws complained of herein that would otherwise be used for educational outreach, public relations, and/or programmatic purposes." *Id*. NAGR also alleges that "[r]ather than working on other educational, outreach, public relations, and/or programmatic events and operations, NAGR's agents have devoted, are continuing to devote, or are likely to devote, significant time, money, effort, and resources to addressing the Defendants' unconstitutional enforcement of the laws complained of herein, and that NAGR and its agents will be forced to continue diverting such time, money, effort, and resources from NAGR's normal educational, outreach, public relations, and/or programmatic events and operations so long as the Defendants' unconstitutional enforcement of the laws complained of herein persists." *Id*.

For purposes of the Defendants' motion to dismiss, these allegations must be accepted as true, and they are more than sufficient to establish standing, because "[A] nonprofit organization establishes an injury-in-fact if, as here, it establishes that it spent money to combat activity that harms its . . . core activities." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 111 (2d Cir. 2017) (internal quotation marks omitted).  NAGR has expended resources to mitigate the unconstitutional law's impact on those it serves. In so doing, it has diverted resources that would otherwise have been available for other programming, which is a "perceptible opportunity cost" that suffices to confer standing. *Nnebe v. Daus*, 644 F.3d 147,

157 (2d Cir. 2011). These injuries constitute "far more than simply a setback to the [NAGR's] abstract social interests." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). The law has caused a "perceptible impairment" of NAGR's activities. *Oyster Bay*, 868 F.3d at 110 (internal quotation marks omitted).

Defendants cite *Connecticut Parents Union v. Russell-Tucker*, 8 F.4th 167 (2d Cir. 2021), for the proposition that NAGR's allegations do not establish standing. That is not correct. Where, as here, an organization has been required to divert, and continues to divert, significant time, money, effort, and resources to addressing the Defendants' enforcement of an unconstitutional law that would otherwise be used for educational outreach, public relations, and/or programmatic purposes, it has standing to challenge the law. *Connecticut Parents Union* does not hold otherwise.

In addition to the foregoing, NAGR is prepared to supply further particularized facts demonstrating the injury it has incurred. It is within the Court's power to allow such supplementation through amendment or affidavit. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 77 n.9 (2d Cir. 2022), *quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975). As set forth in the attached declaration, NAGR employs a sweepstakes multiple times a year and has done so for at least 10 years in order to increase donations and membership. Declaration of Ryan J. Flugaur, ¶ 3. The sweepstakes works by sending communications to members and potential members around the country informing them that they may be eligible to participate in the sweepstakes. *Id*. The prize for the sweepstakes is often an AR-15 and almost always the firearm is of a type that is banned in Connecticut pursuant to the law challenged in this action. *Id*. The

communication requests each recipient to send in a sweepstakes entry form. *Id*. A donation to NAGR is suggested but is not required. *Id*.

The sweepstakes entry form states that citizens of states that are not eligible to receive the firearm prize are not eligible to participate in the sweepstakes. Flugaur Dec., ¶ 4. This sweepstakes is one of NAGR's main fundraising techniques and has been tremendously successful in many states across the country. Flugaur Dec., ¶ 5. Citizens of Connecticut are almost always not eligible to participate in the sweepstakes and this disincentivizes their participation in the sweepstakes, which in turn reduces the rate at which citizens of Connecticut donate to NAGR. Flugaur Dec., ¶ 6. NAGR loses many thousands of dollars in donations each year because citizens of Connecticut are not eligible to participate in the sweepstakes. Flugaur Dec., ¶ 7. To the extent the Court believes the allegations of the Complaint are insufficient, NAGR requests leave to supplement the allegations through amendment or declaration with this information.

## IV. Defendants Misconstrue NAGR's Allegations

Defendants argue that NAGR has not alleged facts sufficient to establish the causation element of standing. Motion 12. The "causal connection" element of Article III standing, is the requirement that the plaintiff's injury be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). This "does not create an onerous standard." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). The standard is lower than that of proximate causation. *Id*. NAGR has alleged

that it is Defendants' conduct in enforcing the unconstitutional laws that has caused its injuries. Compl. ¶ 2. This is sufficient to meet this minimal standard.

Defendants argue that NAGR's allegations do not establish standing because its claimed injury is **only** the diversion of resources is merely to "cover the cost of this lawsuit." Resp. 10, 12. This is not accurate. While NAGR did mention the cost of this lawsuit (Compl. ¶ 2), it specifically stated that the costs of this lawsuit was not the only injury it has incurred (cost of legal action "[a]mong other diversions and threatened diversions . . ."). Again, this allegation must be taken as true for purpose of the motion to dismiss.

## V.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Defendants' motion to dismiss.

        THE PLAINTIFFS
        NATIONAL ASSOCIATION FOR
        GUN RIGHTS, and TONI
        THERESA SPERA FLANIGAN

        */s/ Barry K. Arrington*
        Barry K. Arrington
        3801 E. Florida Ave., Suite 830
        Denver, CO 80210
        (303) 205-7870
        barry@arringtonpc.com
        *Admission Pro Hac Vice*

        John J. Radshaw (ct19882)
        65 Trumbull Street, 2d Floor
        New Haven, CT 06510
        (203) 654-9695 Office
        (203) 721-6182 Facsimile
        jjr@jjr-esq.com

## **C E R T I F I C A T I O N**

I hereby certify that on December 9, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing. Parties may access this filing through the Court's system.

*/s/ Barry K. Arrington*

_____

Barry K. Arrington