UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ET. AL. | : | CIVIL NO. 3:22-CV-01118(JBA) |
| *Plaintiff*, | : : : | |
| v. | : : | |
| NED LAMONT, ET AL., | : | DECEMBER 23, 2022 |
| *Defendant.* | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7(d), the Defendants respectfully respond to Plaintiffs' Opposition to the Motion to Dismiss. (Doc. #33.)

**I.     ARGUMENT AND APPLICABLE LAW**

**A.     Plaintiff Flanigan has not demonstrated or alleged in the Second Amended Complaint that her harm is redressable via this action and therefore her standing is not conceded or established for purposes of this Motion.**

Because "[t]he exercise of judicial power . . . can so profoundly affect the lives, liberty, and property of those to whom it extends. . . the decision to seek review must be placed in the hands of those who have a direct stake in the outcome." *Diamond v. Charles*, 476 U.S. 54, 62, (1986) (internal quotation marks omitted). "It is not to be placed in the hands of 'concerned bystanders,' who will use it simply as a 'vehicle for the vindication of value interests.'" *Id*. (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

Plaintiff NAGR essentially argues that since Plaintiff Flanigan has standing, it does not matter that NAGR lacks standing. This argument is flawed for two reasons. First, this would essentially allow NAGR to run an end around the Second Circuit's prohibition on associational standing in §1983 cases by simply ignoring whether it has any actual injury. *See Davis v. FEC*,

554 U.S. 724, 734 (2008) ("standing is not dispensed in gross."). Second, and more importantly, Defendants do not concede that Plaintiff Flanigan actually has standing in this case.

"Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)(quoting U.S. Const. art III, § 2). "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015)(quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co.*, 523 U.S. at 102 (citation omitted).

"The 'irreducible constitutional minimum of standing' contains three requirements." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and *the party invoking federal jurisdiction bears the burden of establishing its existence.*" *Steel Co.*, 523 U.S. at 103–04 (emphasis added). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Id.* at 107; *see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009)("In the standing context, courts have used the redressability and causation requirements as a means of ensuring that there is an appropriate nexus between a plaintiff's alleged injury-in-fact and the claim for relief that the plaintiff wishes to assert.").

In the Second Amended Complaint (Doc. #26), there are two sparse allegations related to Plaintiff Flanigan:

> 3. Plaintiff Toni Theresa Spera Flanigan is a resident of Connecticut and is a law-abiding citizen of the United States. She is a member of NAGR. She intends to acquire arms[1] putatively made illegal by the Statutes and but for the Statutes would do so.
>
> 4. The individual plaintiff and members of plaintiff NAGR are eligible under the laws of the United States and, but for the Statutes, of the State of Connecticut to receive and possess firearms, including pistols, rifles, and shotguns, with the exception of the Statutes.

(Doc. #26 at 3, ¶¶3-4.) This contains the entirety of the allegations about Plaintiff Flanigan in this case. What is notably absent from this is an allegation or any other kind of demonstration that Plaintiff Flanigan actually possesses an eligibility certificate or permit which is required to "purchase or receive" any "pistol or revolver" or "any long gun." *See* Conn. Gen. Stat. §§ 29-33(b), 29-37a(c).

Plaintiff Flanigan's claimed injury rests on the premise that but for General Statutes § 53-202c(a) and § 53-202w(b) and (c), she would be able to "acquire arms putatively made illegal by [said] Statutes. . ." (Doc. #26 at 5, ¶14.) Plaintiff seeks a declaratory judgment that the challenged statutes are unconstitutional both on their face and as applied to her. But invalidating these statutes would not automatically entitle Plaintiff Flanigan or anyone else to purchase or otherwise acquire an AR-15.[2]

Since an AR-15 is a "firearm" for purposes of General Statute § 53a-3(19) because it is a "rifle . . . from which a shot may be discharged" and since it is a "long gun" for purposes of General Statute § 29-37a because it is a "firearm, as defined in section 53a-3, other than a pistol or revolver," "no person may purchase or receive" an AR-15 "unless such person holds a valid long gun eligibility certificate issued pursuant to section 29-37p, a valid permit to carry a pistol or revolver issued pursuant to subsection (b) of section 29-28, a valid permit to sell at retail a

---

[1] Plaintiff does not specify what "arms" she would seek to acquire but for the challenged statutes.
[2] Again, Plaintiff does not actually allege that she would like to purchase an AR-15 or any other specific weapon. Defendants utilize this firearm as an example since it is mentioned by name most frequently in the Second Amended Complaint.

3

pistol or revolver issued pursuant to subsection (a) of section 29-28 or a valid eligibility certificate for a pistol or revolver issued pursuant to section 29-36f." Conn. Gen. Stat. § 29-37a(c).

In other words, eliminating the challenged statutes would not necessarily redress Plaintiff Flanigan's alleged injury because there are other laws preventing the purchase or receipt of any long gun, unrelated to the challenged statutes. Paragraph 4 in the Second Amended Complaint, in addition to being difficult to decipher grammatically, does not sufficiently address this issue. Being "eligible" to obtain a long gun eligibility certificate or pistol permit is not the same as currently possessing one, notably because to receive such a certificate, one must "successfully complete a [firearms safety training] course approved by the Commissioner of Emergency Services and Public Protection…" pursuant to General Statutes §§ 29-36f(b)(1) or 29-37p(b)(1). This naturally takes time, and if Plaintiff Flanigan has not yet obtained these certificates and/or permits, then simply having no criminal history disqualifier would not entitle her to otherwise purchase assault weapons.

This Court cannot merely assume that Paragraph 4 satisfies the redressability requirement to establish Plaintiff Flanigan's standing. "Federal courts 'are courts of limited jurisdiction whose power is limited strictly.' There is always a 'presumption against jurisdiction.'" *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 64 (2d Cir. 2012)(quoting *Ahmed v. Holder*, 624 F.3d 150, 154 (2d Cir. 2010); *see also Miller v. United States*, 78 U.S. 268, 299, 11 Wall. 268 (1870); and citing 13 Charles Alan Wright, et al., Federal Practice & Procedure § 3522 (3d ed. 2012)). And it is the "plaintiff asserting subject matter jurisdiction [who] has the burden of proving by a preponderance of the evidence that it exists." *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Second Amended Complaint does not satisfy this burden based on the barebones allegations contained therein.

Therefore, Plaintiff NAGR's claim that "Defendants have not disputed that Plaintiff Flanigan has standing to bring all claims asserted" is faulty and so too is its claim that this Court can simply ignore its lack of standing.  That issue must be addressed at the threshold.

      **B.**      **NAGR lacks standing in its own right.**

Plaintiff NAGR's only response to Defendants' arguments addressing its own standing is that this Court should depart from binding Second Circuit precedent or alternatively, that its deficient pleading should be ignored because "a court must 'accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party.'" (Doc. #33 at 6) (quoting *Silva v. Farrish*, 47 F.4th 78, 87 (2d Cir. 2022)).  The first argument merits little response. Plaintiff cannot bid this Court to ignore binding Second Circuit precedent. *See Garthwait v. Eversource Energy Co.*, No. 3:20-CV-00902 (JCH), 2022 U.S. Dist. LEXIS 220309, at *10 (D. Conn. Dec. 7, 2022) ("Lower courts are constrained to follow directly controlling precedent even where that decision appears to rest on reasons rejected in another line of decisions."); *Kahn v. D&A Servs., LLC*, No. 20 CV 4792 (VB), 2021 U.S. Dist. LEXIS 92378, at *5 n.4 (S.D.N.Y. May 14, 2021) ("this Court must follow binding precedent in this Circuit.").

As for the second argument, this is equally unavailing.  Plaintiff does not allege any actual *facts* about diversion of resources other than the costs of this lawsuit, which is insufficient to confer standing.  Instead, Plaintiff merely responds that it is diverting other resources from its core purpose—which is presumably defending "the right of all law-abiding individuals to keep and bear arms" (Doc. #26 at 2)—despite its failure to allege what those diversions are.  Plaintiff

NAGR argues this Court must simply accept this legal conclusion as true thereby side-stepping standing altogether.  NAGR's argument fatally conflicts with *Iqbal*.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citations omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 679.  "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Plaintiff NAGR's reliance on its threadbare allegation that it has actually suffered an injury, without actually stating what that injury consists of, is the epitome of "the-defendant-unlawfully-harmed-me accusation" that *Iqbal* specifically rejects.  This is particularly problematic in this case because "[t]here is always a 'presumption against jurisdiction.'" *Garanti*, 697 F.3d at 64; *see also Bardsley v. Nonni's Foods LLC*, 2022 U.S. Dist. LEXIS 47104, at *15-16 (S.D.N.Y. Mar. 16, 2022) ("any 'doubts are resolved against [jurisdiction] out of

respect for the limited jurisdiction of the federal courts and the rights of states.'") (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Further, as the Supreme Court noted in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations omitted).

Plaintiff has not and cannot meet its burden to show any actual injury here, so it instead relies on the formulaic recitation of the "diversion of resources" theory to satisfy the requirement that it demonstrate standing. The Second Circuit rejected a very similar attempt to invoke the jurisdiction of the District Court in another Second Amendment case. In *CCDL v. Lamont*, another special interest group attempted to demonstrate standing by asserting a diversion of resources theory of injury. *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 447 (2d Cir. 2021).

In that case, the plaintiff organization actually went further than NAGR, alleging that it diverted resources from their ordinary activities by "communicat[ing] with individuals across Connecticut whose access to pistol permits was limited by [the challenged executive order], and sent a letter to the Governor…" *Id*. The Second Circuit still rejected this assertion, finding a lack of standing, and reversed the District Court. "The sole indication that CCDL might suffer future injury is Sullivan's statement that 'CCDL has [expended and diverted] and continues[] to expend and divert its resources and has been and continues to be adversely and directly harmed by the Defendants' actions.' Such a conclusory assertion cannot support standing, see *Baur v.*

7

*Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003), and falls short of establishing a 'likelihood' of future injury, *Deshawn E.*, 156 F.3d at 344." *Id*. at 448.

NAGR's pleading is even more deficient than CCDL's.  NAGR simply says it diverted resources, without actually explaining what those diversions were or are, apart from the cost of the litigation.  To allow such pleading to demonstrate organizational standing would essentially remove the standing requirement altogether at the motion to dismiss phase.  Any organization could simply allege that the existence of a challenged statute or regulation required it to divert resources and that legal assertion alone would suffice.  This, of course, is not the state of the law.  "Rather, 'a plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought."  *Davis*, 554 U.S. at 734 (quoting *DaimlerChrysler Corp*. , 547 U.S. at 352 (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000)).

Even if Plaintiff NAGR had alleged any actual facts about its diversion of resources theory, it would still fail because the "allegations" are about *past* acts.  "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."  *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (citation omitted); *see also Christa McAuliffe*, 788 F. App'x at 85 ("[E]ven if the organizations have standing to assert claims on their own behalf, they have not demonstrated an injury sufficient to secure injunctive relief, since their purported injury . . . is entirely retrospective.").

NAGR's final attempt to bootstrap its claim into this Court is an allegation that a sweepstakes it runs is not as successful in Connecticut because the prize it hands out is a banned AR-15 rifle.  First of all, a plaintiff "cannot amend his Complaint by asserting new allegations in

his objection to the motion to dismiss." *Thomas v. Brasher-Cunningham*, No. 3:19-cv-1981 (VAB), 2020 U.S. Dist. LEXIS 132362, at *28 (D. Conn. July 27, 2020); *see also Aldrich v. Town of Bloomfield*, No. 3:17-cv-00581 (VLB), 2018 U.S. Dist. LEXIS 28451, 2018 WL 1015337, at *4 (D. Conn. Feb. 22, 2018) ("Plaintiff cannot amend her complaint with assertions contained in an objection to a motion to dismiss."); *Miley v. Hous. Auth. of City of Bridgeport*, 926 F. Supp. 2d 420, 432 (D. Conn. 2013) ("It is well established that plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to [d]efendants' motion to dismiss."). This is precisely the purpose behind this Court's prefiling conference requirement. Plaintiff was given yet another opportunity to amend the complaint and did not seek to do so. NAGR should not be allowed to amend their complaint for a third time now in response to a motion to dismiss, particularly when the amendment itself would be futile.

Plaintiff NAGR's new allegation is that it fails to receive as much money as it could in suggested, but not required, donations from Connecticut residents in a sweepstakes where the grand prize is an AR-15. Even if this attenuated theory could establish an injury in fact, it certainly cannot establish causation as required by the standing test. As argued more thoroughly in the initial Motion to Dismiss, an injury in fact must be "fairly traceable to [the challenged statutes]." *Conn. Parents Union*, 8 F.4th at 173. NAGR cannot trace this new alleged injury to the challenged statutes especially when considering the individual decisions of potential participants, their lack of requirement to provide any donation to participate in the sweepstakes, and the fact that NAGR has chosen a prize that citizens from many states, not just Connecticut, cannot legally possess, instead of another. Furthermore, even if these statutes did not exist, there are other laws in Connecticut, and other states, that would prevent the possession of AR-15s by potential participants in this sweepstakes, not the least of which are the permit and eligibility laws already

9

described *supra*. As is the case with NAGR's other claims of injury, this newly alleged sweepstakes injury is simply insufficient to demonstrate standing.

## II. CONCLUSION

The Court should grant Defendants' Motion to Dismiss.

        DEFENDANT
        Lamont, et. al.

        WILLIAM TONG
        ATTORNEY GENERAL

BY: _____
        James M. Belforti
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Tel:  (860) 808-5450
        Fax:  (860) 808-5591
        Federal Bar No. ct30449
        E-Mail:  james.belforti@ct.gov

        */s/ Janelle R. Medeiros*
        Janelle R. Medeiros
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Federal Bar #ct30514
        E-Mail:  janelle.medeiros@ct.gov
        Tel.:  (860) 808-5450
        Fax:  (860) 808-5590

## **CERTIFICATION**

I hereby certify that on December 23, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General