IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and<br>TONI THERESA SPERA FLANIGAN<br><br>    Plaintiffs,<br><br>v.<br><br>NED LAMONT, is his official capacity as the Governor<br>of the State of Connecticut;<br>PATRICK J. GRIFFIN, is his official capacity as the<br>Chief State's Attorney of the State of Connecticut; and<br>SHARMESE L. WALCOTT, in her official capacity as<br>the State's Attorney, Hartford Judicial District,<br><br>    Defendants. | Civil Action No.<br>3:22 CV 1118<br><br><br><br><br><br><br><br>December 24, 2022 |

**MOTION TO STRIKE DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiffs move to strike Defendants' Reply in support of the motion to dismiss [Doc. 34]. As grounds for this motion, Plaintiffs state:

**A.**     **Defendants' Reply is a Classic Case of Sandbagging**

Defendants filed their motion to dismiss on November 18, 2022. [Doc. 32]. The first sentence of Defendants' motion states: "Defendants move . . . to dismiss the organizational Plaintiff – National Association for Gun Rights. ("NAGR") – from this case because it lacks standing." All of Defendants arguments in their motion to dismiss were directed at NAGR. Defendants did **not** challenge Plaintiff Flanigan's standing. Indeed, they did not say a single word about Ms. Flanigan's standing in their 15-page motion.

Plaintiffs responded to the motion to dismiss by citing, *inter alia*, the Second Circuit's decision in *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d

104 (2d Cir. 2017), where the Court held that when one plaintiff has standing to bring a constitutional challenge to a local ordinance, it is "a sufficient predicate for federal jurisdiction," and the Court need not reach the issue of whether the second plaintiff/organization has standing. *Id*., 868 F.3d at 109.  The Court noted that "[i]t is **well settled** that where . . . multiple parties seek the same relief, 'the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'" *Id*. (emphasis added).

In their Reply, Defendants were conspicuously silent regarding Plaintiffs' argument based on the "well settled" rule discussed in *Centro*. They did not attempt to distinguish *Centro* or any of Plaintiffs' other authorities. Instead, despite not saying a single word regarding Ms. Flanigan's standing in their motion, Defendants devoted several pages to that issue in their Reply. See Reply 2-4. Having realized their error in attacking the standing of only one of the Plaintiffs in their motion, Defendants attacked the standing of the second Plaintiff for the first time in their Reply. This is a classic case of sandbagging.

**B.     Sandbagging is Prohibited**

Courts reject attempts to raise matter for the first time in a reply (a practice known as "sandbagging") because it would be fundamentally unfair to the non-moving party, because it would deprive that party of an opportunity to respond. *Travelers Indem. Co. v. Excalibur Reinsurance Corp*., 2013 WL 4012795, at *2 (D. Conn. 2013). Indeed, it is "established beyond peradventure" that it is improper to sandbag one's opponent. *Id*, n.3 *quoting Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. 2007).

### C.   The Remedy for Sandbagging is Striking the Reply

"Typically, in [cases of sandbagging], the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, *supra*. Accordingly, Plaintiffs move the Court to strike all references to Ms. Flanigan in Defendants' reply.

Respectfully submitted this 24th day of December 2022.

> THE PLAINTIFFS
> NATIONAL ASSOCIATION FOR
> GUN RIGHTS, and TONI
> THERESA SPERA FLANIGAN
>
> */s/ Barry K. Arrington*
> Barry K. Arrington
> 3801 E. Florida Ave., Suite 830
> Denver, CO 80210
> (303) 205-7870
> barry@arringtonpc.com
> *Pro Hac Vice*
>
> John J. Radshaw (ct19882)
> 65 Trumbull Street, 2d Floor
> New Haven, CT 06510
> (203) 654-9695 Office
> (203) 721-6182 Facsimile
> jjr@jjr-esq.com

### **C E R T I F I C A T I O N**

I hereby certify that on December 24, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing. Parties may access this filing through the Court's system.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington