**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NED LAMONT *et al.*, <br><br> Defendants. | Civil Action No. 3:22 CV 1118 |

**MOTION OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE FOR
LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION**

Jennifer Loeb*
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Tel: 202 777 4500
jennifer.loeb@freshfields.com

Aaron Marcu*
Elliot Friedman*
Freshfields Bruckhaus Deringer US LLP
601 Lexington Ave., 31st Floor
New York, NY 10022
Tel: 212 277 4000
aaron.marcu@freshfields.com
elliot.friedman@freshfields.com

Deirdre Daly (ct23128)
Finn Dixon & Herling LLP
Six Landmark Square
Stamford, CT 06901
Tel: 203 325 5050
ddaly@fdh.com

*Attorneys for Amicus Curiae*
Giffords Law Center to Prevent Gun
Violence

* *Pro hac vice*

# I. INTRODUCTION

Proposed Amicus Curiae Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") respectfully moves for leave to file the proposed amicus curiae brief attached as Exhibit A in opposition to Plaintiffs' Motion for a Preliminary Injunction. Defendants consent to this motion. Although Plaintiffs in this case have decided to oppose this Motion for Leave to File, our arguments below demonstrate why this Court should permit Giffords Law Center to participate in these proceedings even over such opposition.

Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities. The organization was founded more than a quarter-century ago and was renamed Giffords Law Center in 2017 after joining forces with the gun-safety organization led by former Congresswoman Gabrielle Giffords. Today, through partnerships with researchers, public health experts, and community organizations, Giffords Law Center researches, drafts, and defends the laws, policies, and programs proven to effectively reduce gun violence, and advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights have always been consistent with gun safety legislation and community violence prevention.

Giffords Law Center has filed numerous amicus curiae briefs around the country, providing technical expertise and analysis in gun-related cases. *See, e.g., N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *D.C. v. Heller*, 554 U.S. 570 (2008); *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020). Several courts have cited research and information from Giffords Law Center's amicus briefs in Second Amendment rulings. *See, e.g., Hirschfeld v. Bureau of Alcohol, Tobacco,*

*Firearms & Explosives,* 2019 WL 4923955, *5, *9 (W.D. Va. Oct. 4, 2019); *Rupp v. Becerra,* 401 F. Supp. 3d 978, 990 (C.D. Cal. 2019); *Ass'n of N.J. Rifle & Pistol Clubs v. AG N.J.,* 910 F.3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue v. Hogan,* 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel v. Sessions,* 879 F.3d 198, 208 (6th Cir. 2018); and *Peruta v. Cty. of San Diego,* 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring). Giffords Law Center filed the latter two briefs under its former name Law Center to Prevent Gun Violence.

## II. ARGUMENT

This Court has broad discretion to permit the filing of an amicus curiae brief "when the amicus has an interest . . . that may be affected by the decision in the present case," or "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Schaghticoke Tribal Nation v. Norton*, 2007 WL 9719292, at *3 (D. Conn. Aug. 2, 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). This Court has often permitted amici to participate in its proceedings. *See, e.g.*, *Amara v. CIGNA Corp.*, 925 F. Supp. 2d 242, 252 (D. Conn. 2012); *Dist. Lodge 26 of the Int'l Ass'n of Machinists & Aerospace Workers v. United Techs. Corp.*, 2009 WL 3571624, at *1 (D. Conn. Oct. 23, 2009); *Schaghticoke Tribal Nation*, 2007 WL 971929, at *3.

Giffords Law Center satisfies both bases under *Ryan* for filing an amicus brief and should thus be granted leave to participate in this litigation.

*First*, Giffords Law Center has a significant interest in the outcome of this litigation. The principle at stake—the ability of municipalities to regulate the weapons and features that have become a favored tool of mass shooters—is fundamental to Giffords Law Center's mission and critically important to its members. The resolution of Plaintiffs' motion will involve Second Amendment constitutional principles that could affect Giffords Law Center's future efforts, in

Connecticut or elsewhere, to reduce gun violence through gun safety legislation. This weighs in favor of allowing participation by Giffords Law Center, as well as other similarly situated gun safety or gun rights groups. *See California v. U.S. Dept. of Labor*, No. 13-cv-02069, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014) (granting leave to file amicus brief where case implicated constitutional issues and therefore had "potential ramifications beyond the parties directly involved").

*Second*, Giffords brings unique information and perspective to the issues implicated in this constitutional challenge and has "particular expertise" about the ways in which gun regulations reduce gun violence. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (noting a "particular expertise not possessed by any party to the case" as reason for granting leave to file amicus brief over objection that party was already adequately represented). Informed by that expertise, Giffords Law Center's amicus submission will offer context for the Connecticut Statutes at issue; information about the public safety interests advanced by the Statutes' restrictions on assault weapons and large capacity magazines; and an analysis of whether the Second Amendment protects the use of these weapons. A number of courts, including federal district courts, have relied on similar information supplied by Giffords Law Center when deciding other cases involving constitutional challenges to firearms regulations. *See, e.g., Peruta,* 824 F.3d at 943 (Graber, J., concurring) (citing Giffords Law Center amicus brief, filed under former name Law Center to Prevent Gun Violence, for analysis of homicides carried out by concealed weapons permit-holders); *Mishaga v. Smith,* 136 F.Supp.3d 981, 996 (C.D. Ill. 2015) (referencing Law Center to Prevent Gun Violence amicus brief as a line of reasoning "driv[ing] [the Court's] conclusion").

In addition to the *Ryan* factors, Giffords' proposed brief should be accepted for the following reasons:

1.      While Giffords Law Center submits its proposed brief in support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, the organization's support for a particular litigation outcome should not disqualify it from participating in this matter as an amicus curiae. *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.,* 801 F.2d 1120, 1125 (9th Cir. 1986) (it is "a perfectly permissible role for an *amicus*" to "take a legal position and present legal arguments in support of it"). "An *amicus*, of course, is not a party to the litigation and participates only to assist the court. Nevertheless, by the nature of things an *amicus* is not normally impartial" and "there is no rule . . . that amici must be totally disinterested." *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation marks omitted); *see also California v. U.S. Dept. of Labor*, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014) ("there is no requirement 'that amici must be totally disinterested'" (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982))); *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (rejecting plaintiff's "unpersuasive" claim that "amici must be neutral").

2.      While Giffords Law Center agrees with the Defendants that Plaintiffs' motion for a preliminary injunction should be denied, Giffords Law Centers's proposed brief does not duplicate the arguments made by the Defendants about why the Court should refuse to issue a preliminary injunction. Instead, the proposed amicus curiae brief provides the Court with context regarding the new Second Amendment test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Connecticut Statutes that are at issue in this case, and the public safety interests advanced by those regulations.

3.      No party or counsel for a party authored this brief in whole or in part, and no person other than Giffords Law Center or their counsel contributed any money to fund its preparation or submission.

4.      Giffords Law Center's motion for leave and proposed brief are timely submitted. *Cf.* Fed. R. App. P. 29(a)(6) (allowing amicus curiae briefs to be filed "no later than 7 days after the principal brief of the party being supported is filed").

5.      No party would be prejudiced by the filing of this amicus curiae brief. Accordingly, Giffords Law Center respectfully requests leave from the Court to submit an amicus curiae brief.


Dated: February 7, 2023                                     Respectfully submitted,


                                                            /s/      *Jennifer Loeb*
                                                            Jennifer Loeb*
                                                            Freshfields Bruckhaus Deringer US LLP
                                                            700 13th Street, NW, 10th Floor
                                                            Washington, DC 20005
                                                            Tel: 202 777 4500
                                                            jennifer.loeb@freshfields.com

                                                            Aaron Marcu*
                                                            Elliot Friedman*
                                                            Freshfields Bruckhaus Deringer US LLP
                                                            601 Lexington Ave., 31st Floor
                                                            New York, NY 10022
                                                            Tel: 212 277 4000
                                                            aaron.marcu@freshfields.com
                                                            elliot.friedman@freshfields.com

                                                            Deirdre Daly (ct23128)
                                                            Finn Dixon & Herling LLP
                                                            Six Landmark Square
                                                            Stamford, CT 06901
                                                            Tel: 203 325 5050
                                                            ddaly@fdh.com

*Attorneys for Amicus Curiae*
Giffords Law Center to Prevent Gun
Violence

*\* Pro hac vice*

## CERTIFICATE OF SERVICE

I certify that, on February 7, 2023, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the District of Connecticut via the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/      *Jennifer Loeb*
Jennifer Loeb*
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Tel: 202 777 4500
jennifer.loeb@freshfields.com

*Attorney for Amicus Curiae*
Giffords Law Center to Prevent Gun
Violence

*\* Pro hac vice*