IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS and TONI THERESA SPERA FLANIGAN, *Plaintiffs*, v. NED LAMONT, in his official capacity as the Governor of the State of Connecticut, PATRICK J. GRIFFIN, in his official capacity as the Chief State's Attorney of the State of Connecticut, and SHARMESE L. WALCOTT, in her official capacity as the State's Attorney, Hartford Judicial District, *Defendants*. | No. 3:22-cv-01118-JBA  Hon. Janet Bond Arterton  February 7, 2023 |

**MOTION OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Everytown for Gun Safety Support Fund ("Everytown") respectfully submits this motion for leave to file an amicus curiae brief in the above-captioned action in support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction. If granted leave, Everytown will file the brief attached as Exhibit A.[1] Defendants consent to this motion; Plaintiffs oppose. In support of this motion, Everytown states as follows:

---

[1] No party or party's counsel authored Everytown's proposed amicus brief in whole or part. Apart from Everytown, no person or entity contributed money to fund its preparation or submission.

## INTEREST OF AMICUS CURIAE

1. Everytown is education, research, and litigation arm of Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund), the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including more than 110,000 in Connecticut. Everytown for Gun Safety was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at Sandy Hook Elementary School in Newtown, Connecticut. The mayors of 11 Connecticut cities and towns are members of Mayors Against Illegal Guns. Everytown for Gun Safety has advocated on behalf of gun violence prevention measures in Connecticut. *See* Everytown, *Victory for Gun Safety: Connecticut Lawmakers Approve New State Budget, Including Millions in Funding for Gun Violence Prevention* (May 4, 2022), https://bit.ly/3RwEiD1. Everytown for Gun Safety also includes a network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

2. Everytown has devoted substantial time, energy, and resources into researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 60 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise

be overlooked.[2] Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases.[3]

## LEGAL STANDARD AND ARGUMENT

3. The "primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Board of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp.2d 349, 351 (S.D.N.Y. 1999). This role often entails "'offer[ing] insights not available from the parties.'" *Schaghticoke Tribal Nation v. Norton*, No. 3:06-cv-81, 2007 WL 9719292, at *1 (D. Conn. Aug. 2, 2007) (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). This Court has "broad discretion to permit or deny the appearance of *amici curiae*." *Id.* (quotation marks omitted); *see, e.g.*, *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 245–47 (2d Cir. 2013) (referencing amici briefs); *Mumford Cove Ass'n, Inc. v. Town of Groton*, 647 F. Supp. 671, 674 (D. Conn. 1986 (same); *Wachovia Bank, N.A. v. Burke*, 319 F. Supp.2d 275, 287 (D. Conn. 2004) (same), *aff'd in part and rev'd in part*, 414 F.3d 305, 316 (2d Cir. 2005) (also referencing amici). An "'amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (quoting *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, *J.*)). As such, an "'amicus brief should normally be allowed when a party … has unique information or perspective that can help the Court beyond the

---

[2] *See, e.g.*, *Antonyuk v. Nigrelli*, No. 22-908, Dkt. 193 (2d Cir. Jan. 17, 2023); *Granata v. Campbell*, No. 22-1478, Dkt. 00117972457 (1st Cir. Feb. 6, 2023); *VanDerStok v. Garland*, Dkt. 516590444, No. 22-11071 (5th Cir. Dec. 17, 2022); *Miller v. Smith*, No. 22-1482, Dkt. 42 (7th Cir. Oct. 13, 2022); *Antonyuk v. Nigrelli*, No. 22-908, Dkt. 193 (2d Cir. Jan. 17, 2023); *Nat'l Ass'n for Gun Rts. v. City of Highland Park, Ill.*, No. 1:22-cv-04774, Dkt. 70 (N.D. Ill. Feb. 1, 2023).

[3] *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991–92, 992 n.11 (C.D. Cal. 2019) *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002–03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

help that the lawyers for the parties are able to provide.'" *Schaghticoke Tribal Nation*, 2007 WL 9719292, at *2 (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

4. Everytown respectfully submits that its proposed brief would offer helpful, non-duplicative insight to the Court on the correct application of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). **First**, Everytown's brief explains that under the threshold, textual inquiry required by *Bruen*, Plaintiffs have not met their burden to demonstrate that assault weapons and large-capacity magazines are protected "arms" within the meaning of the Second Amendment. **Second**, Everytown's brief addresses an important historical question: whether the analysis should focus on the public understanding of the right to keep and bear arms in *1791* (when the Second Amendment was ratified), or *1868* (when the Fourteenth Amendment made it applicable to the states). *Bruen* raised, but did not answer, that question. *Id.* at 2137–38. Everytown's proposed brief explains that 1868 is the proper focus and that sources in the period following 1868 also bear on the analysis. **Third**, Everytown's brief explains that, in light of *Bruen*'s discussion of historical regulation of firearms in sensitive places, *id.* at 2133, even a small number of historical laws can be sufficient to establish this nation's tradition of firearm regulation. Everytown respectfully submits that an examination of these issues would assist the Court. *Cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44 (granting Everytown's motion to file similar amicus brief in post-*Bruen* challenge to firearm law); *Goldman et al. v. City of Highland Park*, No. 1:22-cv-04774, Dkt. 65 (N.D. Ill. Jan. 30, 2023) (same).

5. Although neither the Federal Rules of Civil Procedure nor the Local Rules set forth procedures for amici, this motion is timely by analogy to the Federal Rules of Appellate Procedure. Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief … no later than 7 days after the principal brief of the party being supported is filed."); *see*, *e.g.*, *Schaghticoke Tribal Nation*, 2007

4

WL 9719292 at *1–2 (analogizing to Federal Rule of Appellate Procedure 29). Everytown is filing this motion 7 days after the principal brief of the party it is supporting (Defendants) and 23 days before Plaintiffs' reply is due. Accordingly, granting this motion would not cause any delay.

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the proposed amicus curiae brief attached as Exhibit A.

Dated: February 7, 2023

Respectfully submitted,

/s/ Damian K. Gunningsmith
Damian K. Gunningsmith (Bar No. ct29430)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
New Haven, CT 06509
Telephone: (203) 784-3185
Fax: (203) 784-3199
dgunningsmith@carmodylaw.com

William J. Taylor, Jr. (*pro hac vice* forthcoming)
EVERYTOWN LAW
450 Lexington Ave, P.O. Box 4184
New York, NY 10017
Phone: (646) 324-8124
Fax: (917) 410-6932
wtaylor@everytown.org

*Counsel for Amicus Curiae*
*Everytown for Gun Safety Support Fund*