UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN | : | CIVIL NO. 3:22-CV-01118(JBA) |
| RIGHTS, ET. AL. | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, ET AL., | : | MARCH 31, 2023 |
| *Defendant.* | | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Lamont, Griffin and Walcott hereby file their Answer and Affirmative Defenses to the Plaintiffs' Third Amended Complaint[1] (Doc. #69), as follows:

## <u>ANSWER</u>

1.      This is not an allegation of fact, but rather a "definition" utilized by Plaintiffs in their Complaint, therefore no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

2.      This is not an allegation of fact, but rather a "definition" utilized by Plaintiffs in their Complaint, therefore no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

3.      This is not an allegation of fact, but rather a "definition" utilized by Plaintiffs in their Complaint, therefore no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

---

[1] Throughout their Third Amended Complaint, Plaintiffs make a number of legal assertions and arguments that are inappropriate in a complaint.  *See* Fed. R. Civ. P. 8(d)(1)*; see also Barletta v. Bank of Am.*, No. 3:10-cv-01311-WWE, 2011 U.S. Dist. LEXIS 121311, at *2-3 (D. Conn. Oct. 20, 2011) (holding paragraph in complaint containing "legal argument adopted from federal cases" is "not a short and plain statement" as required Rule 8).  Nevertheless, Defendants have endeavored to answer these paragraphs in accordance with the Federal Rules.  Defendants generally deny that the challenged statutes are unconstitutional or that they have taken any "unconstitutional acts" in relation to these statutes.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

5.      This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

6.      Admitted.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

8.      Denied.

9.      As to the allegation that Plaintiff Flanigan "is affected by State's prohibition of commonly possessed arms," and that "commonly possessed firearms and magazines . . . fall with the definition of Banned Firearms and the Banned Magazines," denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

11.     As to the allegation that Plaintiff "NAGR represents the interests of those who are affected by State's prohibition of commonly used firearms and magazines," denied.  As to the allegation, NAGR members have a "constitutionally protected right," to "acquire, keep and bear arms" that "are currently prohibited," this is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied. As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.[2]

12.     Denied.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

14.     As to the allegation that Plaintiff NAGR "is affected by State's prohibition of commonly possessed arms," and that "commonly possessed firearms and magazines . . . fall with the definition of Banned Firearms and the Banned Magazines," denied. As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

---

[2] Defendants maintain their objection to Plaintiffs' attempt to invoke associational standing on behalf of its members, as this is clearly prohibited by binding precedent in this Circuit.

15.     As to the allegation that "NAGR. . . is adversely and directly harmed by the illegal and unconstitutional actions of the Defendants," denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

16.     As to the allegation that Defendants' "enforcement of the statutes" is "unconstitutional," denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof..

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

21.     As to the allegation that "the State enforces its unconstitutional laws," denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

22.     As to the allegation that Connecticut has an "unconstitutional arms ban," denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

23.     Admitted.

24.     As to the allegations that Defendant Griffin's "prosecutorial activities include commencement of criminal actions against those individuals and/or entities accused of violating the Statutes," denied.  As to the remainder of the allegations in the paragraph, admitted.

25.     Admitted.

26.     As to the allegation that there are "unconstitutional provisions of the Statutes," denied.  As to the remainder of the allegations in the paragraph, admitted.

27.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

28.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

29.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

30.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

31.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

32.     Admitted.

33.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

34.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

36.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

40.     As to the allegation that "[t]he Statutes' prohibition on the possession, sale, or other transfer of the Banned Firearms violates the Second Amendment," This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

41.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

42.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

43.     Denied.

44.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

45.     As to the allegation that the dissenting opinion in Kolbe v. Hogan "almost certainly accurately states the law post *Bruen*," this is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

47.     As to the allegation that "[t]here can be no serious dispute that magazines capable of holding more than 10 rounds are bearable arms that satisfy the common use test and thus are presumptively protected by the Second Amendment," denied.  As to the allegation that "[t]he Statutes' prohibition on the possession, sale, or other transfer of the Banned Magazines violates the Second Amendment," this is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.  As to the remainder of the allegations in the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proof.

48.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

49.     This is not a factual allegation but rather a legal argument about an out-of-Circuit case that has no binding impact on this Court, so no responsive pleading is required.  To the extent a responsive pleading is required, denied.

50.     This is not a factual allegation but rather a legal argument, so no responsive pleading is required.  To the extent a responsive pleading is required, denied.

51.     This is not a factual allegation but rather a legal argument, so no responsive pleading is required.  To the extent a responsive pleading is required, denied.

52.     Defendants reincorporate their responses to paragraph 1 through 51.[3]

53.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

54.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

55.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, admitted.

56.     This is a legal assertion to which no responsive pleading is required.  To the extent a responsive pleading is required, denied.

Plaintiff's prayers for relief are neither admitted nor denied, as they seek legal relief instead of alleging facts.

## JURY CLAIM AND DEMAND

The Defendants seek, claim, and demand trial by jury.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the Defendants raise the following affirmative defenses to the allegations contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek any money damages or attorney's fees against the Defendants in their individual capacities, the Defendants acted in an objectively reasonable manner, within the scope of their employment, and with an objective belief that their actions did not violate any clearly established law.  For that reason, the Defendants are entitled to qualified immunity from money damages or attorney's fees.

DEFENDANTS
Lamont et al.

---

[3] Plaintiffs misnumber their paragraphs by repeating paragraphs 51 and 52 twice.  Defendants will continue to respond to the paragraphs in order as if Plaintiffs had correctly numbered the paragraphs in their third Amended Complaint.

WILLIAM TONG
ATTORNEY GENERAL

BY: _____

_____
James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Fax:  (860) 808-5591
Federal Bar No. ct30449
E-Mail:  james.belforti@ct.gov


By: *Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General
Federal Bar No. ct30514
110 Sherman Street
Hartford, CT  06105
Telephone: (860) 808-5450
Fax No.: (860) 808-5591
E-Mail: Janelle.medeiros@ct.gov

## **CERTIFICATION**

I hereby certify that on March 31, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system.

_____
James M. Belforti
Assistant Attorney General